UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDRICK JONES (#608512)**

**VERSUS**

**WARDEN SANDY MCCAIN, ET AL.**

**CIVIL ACTION**

**NO. 17-423-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENDRICK JONES (#608512)**

**VERSUS**

**WARDEN SANDY MCCAIN, ET AL.**

CIVIL ACTION

NO. 17-423-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Docs. 1 and 3. The State has filed an opposition to the petitioner's application that does not address the issues presented herein. *See* R. Doc. 10.[1] However, there is no need for oral argument or for an evidentiary hearing.

On or about June 26, 2017, the *pro se* petitioner, filed this counseled habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2015 sentence, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated burglary. The petitioner alleges that his sentence is illegal because the petitioner pled guilty to the state charge believing that his state sentence would run concurrently with a previously imposed federal sentence.

### Procedural History

On June 13, 2014, the petitioner was sentenced in this Court to serve 48 months to run consecutive with any pending charges after pleading guilty to one count of Possession of a Firearm by a Convicted Felon. On April 13, 2015, the petitioner pled guilty in state court to one count of

---

[1] It appears that a clerical error was made. The District Attorney submitted an Answer with the correct docket information for the instant matter, but the body of the Answer was clearly from another matter as the petitioner is referred to as "Michael R. Chambers" and suggests that the petitioner is challenging "his parole eligibility."

Aggravated Burglary and was sentenced to serve 10 years at hard labor, to run concurrent with any other time being served and with credit for time served since October 18, 2013.

On or about August 14, 2016, the petitioner filed a Motion to Correct Illegal Sentence in the state trial court. On November 30, 2016, the petitioner's Motion was granted and the petitioner's sentence was clarified as being 10 years at hard labor, to run concurrent and coterminous with any federal time being served with credit for time served from October 18, 2013.

On or about March 5, 2017 the petitioner filed an Application for Writ of Habeas Corpus in the state trial court. Approximately two days later the petitioner filed a Motion for Transfer and Resolution of Detainer.

At some point, the petitioner filed a Motion to Withdraw Guilty Plea which was heard by the trial court on June 12, 2017. The petitioner alleges that he declined to withdraw his plea and informed the trial court that he intended to seek review in a higher court. The petitioner filed the present application herein on or about June 26, 2017.

**Applicable Law and Analysis**

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270 (1971). Additionally, under 28 U.S.C. § 2254(b)(1) the district court is precluded from granting habeas relief on an unexhausted claim.

The petitioner has presented the claims herein only to the state trial court where some of his pleadings remain pending. Petitioner asserts that his state sentence as imposed is "illegal." (R. Doc. 1-1 at 4). The petitioner has not sought further review of the trial court's actions at the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. As such, the state courts have not had an opportunity to pass upon and correct any alleged constitutional violations. Instead, the petitioner proceeded straight to this Court when he was dissatisfied with the trial court's ruling. In light of the above procedural history, the instant petition was unexhausted at the time it was filed. Because the petitioner's claims have not been exhausted in the state courts, his petition is subject to dismissal.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, without prejudice.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 27, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**